1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 1**

**COMPLAINT**

Stephen E. Abraham
—— LAW OFFICES ——
1592 Pegasus Street
Newport Beach, CA
92660
(949) 878-8608

Cabrera v Bajwa - Notice of Removal

Electronically FILED by
Superior Court of California,
County of Los Angeles
10/07/2025 12:48 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By W. Noble, Deputy Clerk

**THE REDDY LAW FIRM**
Prathima Reddy Price, Esq., SBN 321378
447 Sutter Street, Suite 405,
San Francisco, CA 94108
Phone: (510) 345-4284; (510) 217-3541 fax
eserve@thereddylaw.com

**Attorney for Plaintiff**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF LOS ANGELES

| | |
|---|---|
| **GABRIELA CABRERA,** | Case No.   25NWCV03572 |
| Plaintiff, | **UNLIMITED CIVIL CASE** |
| v. | **Verified Complaint for Damages and Injunctive Relief for Violations of: Unruh Civil Rights Act; California Disabled Persons Act** |
| **BAJWA G LLC,** a California Limited Liability Company; **GBK ENTERPRISES INC,** a California Corporation; **and DOES 1 through 50, inclusive** | **ACTION SUBJECT TO THE SUPPLEMENTAL FEE IN GOVERNMENT CODE SECTION 70616.5** |
| Defendants, | |

Plaintiff GABRIELA CABRERA complains of BAJWA G LLC, a California Limited Liability Company; GBK ENTERPRISES INC, a California Corporation; and DOES 1 through 50, inclusive ("Defendants"); and alleges as follows:

### PARTIES:

1.   Plaintiff is a California resident with physical disabilities and a member of a protected class of persons under the Americans with Disabilities Act ("ADA"). Plaintiff is substantially limited in her ability to walk. She became paraplegic as a result of childhood polio. She uses a wheelchair for mobility.

1

2.    Defendant Bajwa G LLC owned the real property located at or about 14144 Lambert Rd, Whittier, CA ("Property"), in May 2025 and June 2025.

3.    Defendant Bajwa G LLC currently owns the real Property.

4.    Defendant GBK Enterprises Inc owned Jim's liquor ("Store") located at or about 14144 Lambert Rd, Whittier, CA, in May 2025 and June 2025.

5.    Defendant GBK Enterprises Inc currently owns the Store.

6.    Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of Defendants herein is responsible in some capacity for the    events herein alleged or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of Defendants are ascertained.

## JURISDICTION:

7.    This Court has subject matter jurisdiction over this action as a court of general jurisdiction. This Court has personal jurisdiction over Defendants because Defendants conduct substantial business in the County of Los Angeles.

8.    Venue is proper in this Court because Defendants conduct business in this County.

9.    Unlimited jurisdiction is proper because Plaintiff seeks a permanent injunction ordering compliance with the Unruh Civil Rights Act and California Disabled Persons Act.

## FACTUAL ALLEGATIONS:

10.  Plaintiff went to the Store on May 15, 2025, with the intention to avail himself of its goods, services, privileges, or advantages ("Benefits") motivated in part to determine if Defendants comply with the disability access laws. While trying to patronize the facility, Plaintiff personally encountered unlawful barriers on May 15, 2025. Plaintiff revisited the facility on June 4, 2025, hoping the barriers would have been remediated by

2

then. However, Plaintiff encountered these barriers once again. During both her visits, Plaintiff could not avail himself of the Store's benefits without difficulty, inconvenience and embarrassment.

11.  The Store is a facility open to the public, a place of public accommodation, and a business establishment.

12.  Plaintiff is resident of San Dimas and the Jim's liquor Store is 22 miles from her place of residence.

13.  On May 15,2025, Plaintiff, while spending the day at the Whittier area, she visited the Store and purchased a pack of Camel Wides cigarettes for herself.

14.  On June 4, 2025, Plaintiff returned to the Whittier area. That afternoon, she visited the Store again and purchased snacks for himself.

15.  Unfortunately, on the dates of Plaintiff's visits, the facility failed to comply with ADA Standards as it relates to wheelchair users like Plaintiff.

16.  Plaintiff observed or encountered the following non-compliant conditions:

| Feature | Compliance Issue | Standard[1] |
|---|---|---|
| Paths of Travel | 1) The path of travel in one of the aisles at the Store narrows to 34 inches in width, which is less than the minimum required by law. | § 404 |
| | 2) There is no wheelchair accessible path of travel from the public sidewalk to the entrance of the Store. As a result, individuals who use wheelchairs are compelled to travel through the parking lot, thereby creating dangerous and unsafe conditions. | § 206 |
| Door Hardware | The entrance door hardware has horizontal pull bar style handle that required tight grasping or twisting of hands or use of both | § 404 |

[1]Cites to the 2010 ADA Standards for Accessible Design unless otherwise indicated.

Verified Complaint

| | | |
|---|---|---|
| | hands to operate. | |
| Parking | The disabled parking space which is specifically marked and reserved for persons with disabilities, has faded and has not been properly maintained. Furthermore, the required "NO PARKING" lettering is missing from the access aisle. | § 502 |

17. The above features are all available Benefits offered to customers but not offered in conformance with the ADA standard as they relate to Plaintiff's disability.

18. The failure to provide accessible path of travel inside the Store denied Plaintiff full and equal access because Plaintiff was unable to navigate her wheelchair inside the Store without difficulty, inconvenience and embarrassment.

19. The failure to provide accessible door hardware denied Plaintiff full and equal access as it required tight grasping or twisting of hands or use of both hands to operate.

20. The failure to provide accessible parking spaces at the Store denied Plaintiff full and equal access because Plaintiff was unable to park his vehicle without difficulty, inconvenience and embarrassment.

21. Plaintiff believes that there are other elements of the above features that likely fail to comply with the ADA Standards and seeks to have fully compliant Benefits for wheelchair users.

22. On information and belief, the above conditions currently exist.

23. These above barriers relate to and impact Plaintiff's disability. Plaintiff personally encountered these barriers.

24. As a wheelchair user, Plaintiff benefits from and is entitled to use wheelchair accessible facilities. The above inaccessible conditions deny Plaintiff full and equal access.

25. Defendants have failed to maintain in working and usable conditions those features required to provide ready access to persons with disabilities.

26. All of barriers identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice for

4

1   attention and these barriers are readily achievable to remove. However, should full
2   compliance not be readily achievable, there are numerous alternative accommodations
3   that could be made to provide a greater level of access than presently exists.

4       27.  Given the obvious and blatant nature of the barriers and violations alleged herein,
5   Plaintiff alleges that defendants have failed to take the necessary steps to ensure removal
6   of non-compliant architectural barriers as required by 42 U.S.C. § 12182(2)(A)(iv) and
7   on information and belief, alleges that there are other violations and barriers on the site
8   that relate to her disability. Plaintiff will amend the complaint to provide proper notice
9   regarding the scope of this lawsuit once she conducts a site inspection. Plaintiff seeks to
10  have all barriers related to her disability remedied. *See Doran v. 7-Eleven*, 524 F.3d 1034
11  (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, she can sue
12  to have all barriers that relate to her disability removed regardless of whether she
    personally encountered them).

13      28.  As the ADA has existed since 1990, and the facility is still non-compliant,
14  Plaintiff alleges the above conditions are the result of either a policy failure or systematic
15  negligence such that only regular audits of the facility architecture and policies will
16  ensure future compliance.

17      29.  Plaintiff is currently deterred from returning to the Store due to knowledge of the
18  existing barriers and uncertainty about the existence of yet other barriers on the site. If the
19  barriers are not removed, Plaintiff will face unlawful and discriminatory barriers again.
20  Plaintiff will return to the Store after the conclusion of the case to avail himself of its
21  benefits and to confirm compliance with the disability access laws once it is represented
22  to him the Store and its facilities are accessible.

23                          **CCP § 425.50 Compliance Statements:**

24      30.  Compliance testing is recognized by the U.S. Supreme Court and civil rights
25  advocates as a necessary method of enforcing civil rights laws.

26      31.  Pursuant to CCP § 425.50(a)(4)(i) Plaintiff states they qualify as a high frequency
27  litigant as defined by CCP § 425.55. Plaintiff is an ADA advocate and tester as that term
28  is understood and protected under federal law. *Havens Realty Corp. v. Coleman*, 455 U.S.

Verified Complaint

363 (1982); *C.R. Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1097 (9th Cir. 2017).

32.  Pursuant to CCP § 425.50(a)(4)(ii), the Plaintiff states in the year preceding the drafting of this complaint they filed approximately 65 lawsuits alleging violations of construction-related accessibility standards.

33.  Pursuant to CCP § 425.50(a)(4)(iii), Plaintiff states on the date alleged above, Plaintiff was in the area for shopping. Plaintiff was in the area around the business engaged in constitutionally protected tester activities visiting businesses in the same manner as a potential customer to confirm their compliance with state and federal laws. Plaintiff's encounter with the above listed conditions resulted in a denial of full and equal access under the ADA.

34.  Pursuant to CCP § 425.50(a)(4)(iv), Plaintiff states Plaintiff visited the subject business for the purpose of testing facility compliance with accessibility laws with the intention to use the Benefits of the facility in the same manner as a customer.

35.  At the conclusion of this suit and after being informed that the barriers complained of have been removed, in furtherance of Plaintiff's tester motivations, Plaintiff intends to return to the business to confirm accessibility of the above conditions.

## I.    FIRST CAUSE OF ACTION:
## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT
### (On behalf of Plaintiff and against all Defendants.) Cal. Civ. Code § 51-53.

36.  Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

37.  Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation are offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. *See* 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a.  A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods,

services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

38. When a business provides path of travel, it must provide accessible paths of travel.

39. Here, an accessible path of travel was not provided in conformance with the ADA Standards.

40. When a business provides door hardware, it must provide accessible door hardware.

41. Here, accessible door hardware was not provided in conformance with the ADA Standards.

42. When a business provides parking space, it must provide accessible parking space.

43. Here, accessible parking space was not provided in conformance with the ADA Standards.

44. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

45. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and

7

1   usable by persons with disabilities. 28 C.F.R. § 36.211(a).

2       46. Here, the failure to ensure that accessible facilities were available and ready to be

3   used by Plaintiff is a violation of the law.

4       47. The Unruh Act provides that any violation of the ADA is a violation of the Unruh

5   Act. Cal. Civ. Code, § 51(f).

6       48. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act

7   by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and

    equal use of the accommodations, advantages, facilities, privileges, or services offered.

8       49. Because the violation of the ADA resulted in a denial of full and equal access to

9   Plaintiff, Defendants are also each responsible for statutory damages, i.e., a civil penalty.

10  Civ. Code § 55.56(a)-(c).

11

12              **II.    SECOND CAUSE OF ACTION:**

13        **VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT**

14        (On behalf of Plaintiff and against all Defendants.) Cal. Civ. Code § 54.1.

15      50. Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

16  the allegations contained in all prior paragraphs of this complaint. The California

17  Disabled Persons Act ("CDPA") guarantees, inter alia, that persons with disabilities are

    entitled to full and equal accommodations, advantages, facilities, privileges, or services in

18  all business establishments of every kind whatsoever within the jurisdiction of the State

19  of California. Cal. Civ. Code § 54.1.

20      51. The CDPA provides that any violation of the ADA is a violation of the CDPA.

21  Cal. Civ. Code, § 54.1(d).

22      52. Defendants' acts and omissions, as herein alleged, have violated the CDPA by,

23  inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal

24  use of the accommodations, advantages, facilities, privileges, or services offered.

25      53. Because the violation of the ADA resulted in a denial of full and equal access to

26  Plaintiff, Defendants are also each responsible for statutory damages, i.e., a civil penalty.

27  Cal. Civ. Code § 54.3.

28

                                      8

**PRAYER:**

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. Damages under the Unruh Civil Rights Act or California Disabled Persons Act, which provide for up to treble actual damages and a statutory minimum of $4,000 or $1,000 respectively per violation of each Act. While Plaintiff may prevail on each act individually, Plaintiff only seeks monetary recovery under whichever act results in the greatest damages, to be determined at trial.

2. For injunctive relief, prohibiting Defendants from violating the provisions of the Americans with Disabilities Act and the Unruh Civil Rights Act.

3. For injunctive relief requiring that Defendants obtain biennial Certified Access Specialist ("CASp") architectural inspections of the subject facility to verify on-going ADA compliance and follow those inspection's recommendations of all readily achievable barrier removal.

4. For injunctive relief requiring that Defendants obtain biennial Certified Access Specialist ("CASp") architectural inspections of the subject facility to verify on-going ADA compliance and follow those inspection's recommendations of all readily achievable barrier removal.

5. For injunctive relief, ordering Defendants to remove all presently existing architectural barriers as required by the Americans with Disabilities Act and the Unruh Civil Rights Act.[2]

6. Reasonable attorney fees, litigation expenses, and costs of suit, pursuant to Cal. Civ. Code § 52 and or § 54.1.

Dated: August 14, 2025

THE REDDY LAW FIRM

By: _P. Price_

Prathima Reddy Price, Esq.
Attorney for Plaintiff

---

[2]Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

9

Verified Complaint

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **VERIFICATION**

I am a party to this action, and I have read the complaint titled **CABRERA v. BAJWA G LLC, et al.**, and know its content. The facts stated in the complaint are true and based on my own knowledge, except as to those matters stated on information and belief, and as to those matters, I believe them true.

I declare penalty under perjury under the laws of the State of California that the foregoing is true and correct.

Dated: _____2025-10-01_____          By: _____
                                          Gabriela Cabrera

10

Verified Complaint